[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 20, 2005
THOMAS K. KAHN
CLERK

No. 04-12673
Non-Argument Calendar
_____

Agency No. A78-602-188

BELAYNESH GEBREMARIAM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 20, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Belaynesh Gebremariam, through counsel, petitions this court for

review of the Board of Immigration Appeal's ("BIA") order affirming the

Immigration Judge's ("IJ") decision denying her application for asylum under the Immigration and Nationality Act ("INA"). Because Gebremariam's immigration proceedings commenced after April 1, 1997, the effective date of IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA. *See Antipova v. U.S. Attorney Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004); *Gonzalez-Oropeza v. U.S. Attorney Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

Gebremariam argues that she had demonstrated past persecution based on the fact that when she previously returned to Ethiopia after traveling to the United States, she was detained, beaten, and interrogated because she was an Ethiopian citizen of Eritrean descent. She argues that it is well established that detention and physical beatings can constitute persecution sufficient to qualify for asylum. She avers that she has a well-founded fear of future persecution because she has already been persecuted and because there has not been a change in her circumstances.

We review the BIA's factual determinations under the substantial evidence test and "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted). Under this highly deferential standard of review, we must defer to the BIA's

decision as supported by substantial evidence, unless the evidence would compel a reasonable fact finder to find otherwise. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992); *see also* INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Any alien who arrives in or is present in the United States may apply for asylum, which the Attorney General ("AG") has discretion to grant if the alien is a "refugee" as defined in 8 U.S.C. § 1101(a)(42)(A). *Al Najjar*, 257 F.3d at 1284 (citation omitted). That statute defines a "refugee" as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a well-founded fear of persecution on account of race**, religion, **nationality**, membership in a particular social group, or political opinion. . . .

8 U.S.C. § 1101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status and thereby establishing asylum eligibility. 8 C.F.R. § 208.13(a). If she meets that burden, the AG may exercise his discretion to grant asylum. *Al Najjar*, 257 F.3d at 1284. Here, because the IJ determined that Gebremariam failed to establish eligibility for asylum, he did not address whether he would exercise his discretion. Accordingly, we need only

3

address whether substantial evidence supports the finding that Gebremariam failed to show statutory eligibility for asylum, *i.e.*, past persecution or a well-founded fear of future persecution on account of her race or nationality. *See id.* at 1285.

To establish asylum eligibility, the alien must establish, with specific, detailed, and credible evidence (1) past persecution on account of her race, nationality, or other statutorily listed factor, or (2) a "well-founded fear" that her race, nationality, or other statutorily listed factor will cause future persecution. *Al Najjar*, 257 F.3d at 1287; *see also* 8 C.F.R. § 208.13(a), (b). "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Sepulveda v. U.S. Attorney Gen.*, No. 03-14932, manuscript. op. at 9 (11th Cir. Mar. 2, 2005) (quotation omitted). Establishing a nexus between the statutorily listed factor and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" the statutorily listed factor. *D-Muhumed v. Attorney Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (quotation omitted).

If the alien demonstrates past persecution, she is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. 8 C.F.R § 208.13(b)(1). If, however, the alien does not establish

4

past persecution, she bears the burden of demonstrating a well-founded fear of persecution by showing that (1) she fears persecution based on her nationality or other statutorily listed factor; (2) there is a reasonable possibility she will suffer persecution if removed to her native country; and (3) she could not avoid persecution by relocating to another part of her country, if under all the circumstances it would be reasonable to expect relocation. *See* 8 C.F.R. § 208.13(b)(2), (3)(i).

Persecution is an "extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, No. 03-14932, manuscript op. at 8 (quotation omitted). Courts have generally held that it is conduct that is egregious, sustained, and rises above mere unpleasantness or even basic suffering. *See e.g.*, *Nelson v. INS*, 232 F.3d 258, 263-64 (1st Cir. 2000) (citing various cases regarding past persecution and finding that three episodes of solitary confinement accompanied by physical abuse did not constitute persecution).

Here, the record contains substantial evidence supporting the BIA's finding that Gebremariam has not suffered past persecution or has a well-founded fear of future persecution. *See Al Najjar*, 257 F.3d at 1283-84. As to past persecution, first, although Gebremariam claims she suffered hostile conditions while

5

imprisoned for 14 days, although unpleasant, this does not rise to the level of past persecution. *See e.g.*, *Nelson v. INS*, 232 F.3d at 263. Second, Gebremariam's additional claims of her family being evicted while she was in jail and her losing her job do not demonstrate past persecution because she does not provide evidence that it was on account of one of the five statutory factors or explain why she was able to leave Ethiopia to visit the United States on several occasions without any problems from the Ethiopian government after she lost her job because she was Eritrean. Thus, the evidence does not compel a reasonable fact finder to find that Gebremariam suffered past persecution on account of her race or nationality. *See Elias-Zacarias*, 502 U.S. at 481 n.1, 112 S.Ct. at 815 n.1.

In addition, Gebremariam failed to show that she had a well-founded fear of future persecution. According to the country reports in the record, the Ethiopian government no longer detains or deports Eritreans and Ethiopians of Eritrean origin without due process. Gebremariam also had family in Ethiopia who have not been deported or harmed. Therefore, Gebremariam failed to carry her burden of establishing past persecution or a well-founded fear of future persecution, which precludes her from being granted asylum.

Because Gebremariam did not raise before the BIA withholding of removal under the INA or relief pursuant to the United Nations Convention Against Torture

6

and Other Cruel, Inhuman, or Degrading Treatment or Punishment, to the extent she raises those claims in her brief before us, her claims are unexhausted and we are without jurisdiction to entertain them. *See* 8 U.S.C. § 1252(d)(1); *Fernandez-Bernal v. U.S. Attorney Gen.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

For the foregoing reasons, we deny Gebremariam's petition for review.

**PETITION DENIED.**