[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-12651

_____

Agency Docket No. A79-494-759

JUAN GONZALO CADAVID JIMENEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(May 27, 2005)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Juan Gonzalo Cadavid-Jiminez, through counsel, petitions for review of the

Board of Immigration Appeals' ("BIA") decision affirming without opinion the Immigration Judge's ("IJ") order of removal, denial of asylum and withholding of removal. Because Cadavid's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), apply. Gonzalez-Oropeza v. United States Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

Cadavid argues on appeal that he presented substantial evidence to support a finding of refugee status by demonstrating past persecution and, alternatively, a well-founded fear of future persecution. Specifically, he argues that past persecution is evidenced by the threatening letters and phone calls he received from the AUC, a paramilitary organization. He claims that he demonstrated a well-founded fear of future persecution by showing that: (1) the AUC was aware of his activism in anti-guerilla ideology, and retains the ability to carry out its death threats; (2) the AUC sought to kill him and failed only because he left Colombia; and (3) the AUC evidenced its desire to punish him, even after his withdrawal from public life, because it continued to threaten him after he ceased political activity. Finally, Cadavid argues that there has not been a sufficient change in circumstances that would allow for his safe return to Colombia because the AUC

2

remains active there.

To the extent that the IJ's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, and this Court "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (citation omitted). Under this standard of review, this Court may not reverse the IJ's decision unless it finds that the evidence compels a contrary finding. Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a well-founded fear of persecution on account of** race, religion, nationality, membership in a particular social group, **or political opinion** . . . .

3

8 U.S.C. § 1101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284. "To establish asylum eligibility based on . . . group membership, the alien must, with credible evidence, establish (1) past persecution on account of her . . . group membership, or (2) a 'well-founded fear' that her . . . group membership will cause future persecution." Sepulveda, 401 F.3d at 1230-31 (quoting 8 C.F.R. § 208.13(a), (b)).

Past persecution is more than mere harassment, and a successful asylum applicant must present evidence of more than a few isolated incidents of verbal harassment or intimidation that is unaccompanied by physical punishment, infliction of harm, or significant deprivation of liberty. See Gonzalez v. Reno, 212 F.3d 1338, 1355.

A "well-founded fear" of persecution may be established by showing (1) past persecution that creates a presumption of a well-founded fear and overcomes any rebuttal by the INS, (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. 8 C.F.R. § 208.13(b)(1), (2); see also Sepulveda, 378 F.3d at 1231. "[A]n applicant must demonstrate that his or her

fear of persecution is subjectively genuine and objectively reasonable." Al

Najjar, 257 F.3d at 1289. "[W]here the alleged persecutors are not affiliated with

the government, it is not unreasonable to require a refugee who has an internal

resettlement alternative in his own country to pursue that option before seeking

permanent resettlement in the United States, or at least to establish that such an

option is unavailable." Mazariegos v. Office of United States Att'y Gen., 241

F.3d 1320, 1327 (11th Cir. 2001).

An alien seeking withholding of removal under the INA must show that his

life or freedom would "more likely than not" be threatened upon return to his

country because of, among other things, his membership in a particular political

group. See Mendoza, 327 F.3d at 1287. This standard is more stringent than the

"well-founded fear" standard for asylum. See, e.g., Al Najjar, 257 F.3d at 1292-

93.

We conclude that substantial evidence supports the IJ's conclusion that the

harm Cadavid suffered did not rise to the level of past persecution. He received

two threatening letters and phone calls instructing him to abandon his political

work for the Liberal Party. This evidence does not compel a finding of past

persecution.

Furthermore, substantial evidence supports the IJ's conclusion that Cadavid

did not establish a well-founded fear of future persecution. The fact that Cadavid's family remained in Colombia when he came to the United States and continues to live without further harm supports a finding that his fear of future persecution is not objectively reasonable. Cadavid testified that he experienced no problems with the AUC during the time he was at his mother's home, and there was no evidence that the mayoral candidate whom Cadavid supported has experienced problems with the AUC since relocating within Colombia. This evidence also supports the IJ's finding that relocation within Colombia is possible in Cadavid's case.

Finally, because Cadavid does not satisfy the lower standard form asylum, he cannot satisfy the higher standard for withholding of removal.

Based upon the foregoing, we deny the petition for review.

**PETITION DENIED.**