[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2005
THOMAS K. KAHN
CLERK

No. 04-16147
Non-Argument Calendar
_____

Agency No. A78-407-908

CABDIRIZAQ SAID SAMATAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 18, 2005)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Cabdirizaq Said Samatar, a native and citizen of Somalia, through counsel,

petitions for review of the Board of Immigration Appeal's ("BIA's") decision

affirming without opinion the Immigration Judge's ("IJ's") denial of asylum under the Immigration and Nationality Act ("INA") based on, among other things, an adverse credibility determination.[1] Because Samatar's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA. Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

Samatar argues that the IJ erred in denying his application for asylum because he had shown past persecution and a well-founded fear of future persecution on account of his membership in a particular social group, namely, his alleged membership in the Tumal clan.

When the BIA summarily affirmed the IJ's decision without an opinion, the IJ's decision became the final removal order subject to our review. See Mendoza v. United States Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

To the extent that the IJ's decision was based on a legal determination, our review is de novo. D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 817 (11th

---

[1] Samatar abandoned his claims for withholding of removal under the INA and protection under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment by failing to raise any argument on these claims in his petition for review. Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted). A credibility determination is also reviewed under the substantial evidence test, and we "may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." D-Muhumed, 388 F.3d at 818.

An alien bears the burden of proving that he is eligible for asylum. Id. If credible, the alien's testimony "'may be sufficient to sustain the burden of proof without corroboration.'" Mendoza, 327 F.3d at 1287 (quoting 8 C.F.R. § 208.16(b)). Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishment as the applicant repeatedly recounts his story. See In re B-, 21 I&N Dec. 66, 70 (BIA 1995). Cf. Dalide v. U.S. Attorney Gen., 387 F.3d 1335, 1343 (11th Cir. 2004) (affirming the BIA's adverse credibility determination, which was based upon its finding that the alien's testimony conflicted with his answers to interrogatories, affidavit, deposition, and other documentary evidence). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th

Cir. 2005).  However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." Id.  If an applicant produces evidence beyond his own testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Id.  Furthermore, "the IJ must offer specific, cogent reasons for an adverse credibility finding." Id. (quotation omitted).

In this case, we conclude that substantial evidence supports the IJ's adverse credibility determination, as well as his finding that Samatar failed to produce sufficient corroborating evidence to meet his burden of proof to establish his eligibility for asylum.  The IJ presented specific, cogent reasons in support of his adverse credibility determination, including (1) inconsistencies regarding Samatar's clan membership such as its relation to other clans and the primary occupations of clan members; (2) inconsistencies regarding Samatar's injuries resulting from the alleged attack of Samatar and his family by the Bartira clan in 1997; and (3) inconsistencies regarding Samatar's motivation for leaving Somalia.  The IJ also found that Samatar's only corroborating evidence, an affidavit and two photographs of his knee, was unreliable and not sufficient to sustain Samatar's burden of proof given the lack of credible testimony.  Because we are not

4

compelled to reverse these determinations, we deny Samatar's petition for review.

See <u>D-Muhumed</u>, 388 F.3d at 818.

**PETITION DENIED.**