[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-14423
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2007
THOMAS K. KAHN
CLERK

BIA No. A77-636-927

EDI SALIAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(June 20, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Edi Saliaj, a citizen of Albania, petitions for review of the affirmance by the

Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge

("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We dismiss Saliaj's petition in part and grant the petition in part.

In addition to appealing the IJ's decision to the BIA, Saliaj also asked the IJ to reconsider her decision, which the IJ denied; and Saliaj now argues that the IJ erred in denying his motion for reconsideration. The government asserts that we lack jurisdiction to consider this claim because Saliaj did not raise the denial of his motion for reconsideration to the BIA.

We review our subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250 (11th Cir. 2006); see also 8 U.S.C. § 1252(d)(1) (providing that a court only may review a removal order if "the alien has exhausted all administrative remedies available to the alien as of right"); Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (explaining that we "lack jurisdiction to consider claims that have not been raised before the BIA"). Because Saliaj did not present the denial of his motion for reconsideration to the

2

BIA, we are without jurisdiction to consider it; and we dismiss his petition for review on this claim.

We next address Saliaj's arguments about the IJ's decision denying him asylum, withholding of removal, and CAT relief. Saliaj asserts that, in considering his claims, the IJ erred in failing to make a finding on whether Saliaj had suffered past persecution.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). An IJ's factual determination that an alien is unentitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality, and who is unable or unwilling to avail himself of the protection of that country, "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

3

Saliaj testified that, because of his affiliation with the Democratic Party in Albania and his work as a Democratic Party election observer, he was threatened and beaten by Socialist Party members. Saliaj left Albania and entered Greece and Italy without permission; but he eventually was sent back to Albania from both countries. Saliaj then left Albania for the United States.

The IJ found Saliaj's testimony during his asylum hearing to be "totally credible." Although the IJ concluded that Saliaj had not demonstrated a well-founded fear of future persecution in Albania, the IJ failed to make a finding on whether Saliaj had suffered past persecution. The IJ's failure to make this determination precludes us from engaging in meaningful judicial review of the merits of her order in this case.[1] See Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1265 (11th Cir. 2004) (explaining, in the context of a withholding of removal claim, that "the regulations do not give the IJ the discretion to refrain from making a determination regarding past persecution altogether"). Therefore, we vacate the BIA's and IJ's decisions and remand this case for a determination of

---

[1] A determination of whether an alien suffered past persecution is necessary because, if the IJ finds that the alien established past persecution, the alien "shall also be presumed to have a well-founded fear of persecution on the basis of the original claim." 8 C.F.R. § 208.13(b)(1). The government can rebut this presumption by showing that conditions of the country of the alien's nationality have changed or that relocation within that country is reasonably possible. Id.

whether Saliaj suffered past persecution and whether he is eligible for the requested relief from removal.[2]

PETITION DISMISSED IN PART AND GRANTED IN PART; VACATED AND REMANDED.

---

[2]Because we conclude that the IJ failed to render a reasoned decision on whether Saliaj suffered past persecution on a protected ground, we do not reach Saliaj's argument that the IJ, as affirmed by the BIA, erred when she concluded that Saliaj failed to establish a well-founded fear of future persecution. In addition, because the IJ based her decisions about withholding of removal and CAT relief on her denial of Saliaj's asylum claim, we cannot review those issues. See Antipova, 392 F.3d at 1265.