[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 10, 2005
THOMAS  K. KAHN
CLERK

No. 03-12643
Non-Argument Calendar
_____

Agency Docket Nos. A29-648-832,
A29-648-833

EMDADUL HOQUE BHUIYAN,
FATIMA KHATUN, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 04-10295
Non-Argument Calendar
_____

Agency Docket Nos. A29-648-832,
A29-648-833

EMDADUL HOQUE BHUIYAN,
FATIMA KHATUN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review from Decisions
of the Board of Immigration Appeals
_____

**(May 10, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Emdadul Hoque Bhuiyan (hereinafter "Emdadul"), Fatima Khatun (hereinafter "Fatima"), and their children, Mojana Hoque Bhuiyan and Farana Hoque Bhuiyan (hereinafter collectively referred to as "the petitioners"), through counsel, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") denial of their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). Additionally, Emdadul and Fatima petition for review of the BIA's order denying their motion to reopen their removal proceedings for consideration of eligibility for relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT").

In an oral decision following the removal hearing, the IJ (1) found that Emdadul's testimony was not credible; (2) criticized the petitioners' failure to produce any significant evidence corroborating the substance of their allegations; and (3) concluded that the petitioners had failed to meet their burden of proving a well-founded fear of future persecution on account of a protected ground. After the BIA affirmed the IJ's decision, without opinion, the petitioners filed a timely petition for review with this court. While that petition for review was pending, the Emdadul and Fatima filed a motion with the BIA to reopen their removal proceedings in order to allow them to apply for CAT relief. The BIA denied the petitioners' motion, finding that they had failed to meet their burden of establishing a *prima facie* case of eligibility for CAT relief. Emdadul and Fatima filed a timely petition for review of that decision. This court granted the petitioners' unopposed motion to consolidate their two pending cases.

## A. Application for Asylum and Withholding of Removal under the INA

On appeal, the petitioners first argue that because Emdadul testified credibly that he had suffered past persecution, there was no requirement that they present corroborating evidence. According to the petitioners, because the IJ found Emdadul's testimony to be credible, they had met their burden of demonstrating past persecution and were entitled to a presumption of a well-founded fear of

3

future persecution, which the government failed to rebut. Additionally, citing this court's holding in *Antipova v. U.S. Attorney Gen.*, 392 F.3d 1259 (11th Cir. 2004), the petitioners argue that the IJ erred by failing to make a finding regarding past persecution.

Because the petitioners' removal proceedings commenced after April 1, 1997, the effective date of IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA. *Gonzalez-Oropeza v. U.S. Attorney Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). When the BIA summarily affirmed the IJ's decision without opinion, the IJ's decision became the final removal order subject to review. *See Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003) (citing 8 C.F.R. § 3.1(a)(7), now found at 8 C.F.R. § 1003.1(a)(7)).

The IJ's factual determinations are reviewed under "the highly deferential substantial evidence test," which requires us to "view the record evidence in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*), *petition for cert. filed*, (U.S. Oct. 28, 2004) (No. 04-7944). We "must affirm the [IJ]'s decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*,

4

257 F.3d 1262, 1284 (11th Cir. 2001) (quotation omitted). We may not reweigh the evidence and may not reverse the IJ's findings of fact unless the record compels a contrary conclusion. *See Farquharson v. United States Attorney Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001). The question that we must answer is whether the IJ's interpretation of the evidence was reasonable, not whether substantial evidence supports some alternative interpretation. *Mazariegos v. United States Attorney Gen.*, 241 F.3d 1320, 1324 (11th Cir. 2001).

The IJ's credibility determinations are also reviewed under the substantial evidence test. *D-Muhumed v. U.S. Attorney Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). Although an alien's credible testimony may itself be sufficient to satisfy his burden of proof, the IJ is entitled to require corroboration where he provides "cogent reasons" for an adverse credibility finding, and that finding is supported by substantial evidence. *See id.* at 818-19. Although "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant[,] . . . [i]f the applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application." *Forgue v. U.S. Attorney Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and who is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving refugee status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287.

The inquiry as to whether an alien has a well-founded fear of future persecution involves both an objective and subjective component. *See Al Najjar*, 257 F.3d at 1289. In general, the subjective prong is satisfied by the alien's

6

credible testimony that he actually fears future persecution. *Id.* The objective prong requires a showing of either past persecution or "good reason to fear future persecution." *Id.* (citations and internal quotations omitted). To satisfy his burden under this standard, an alien must present "specific, detailed facts," demonstrating a reasonable fear that she will be targeted for persecution on account of a protected ground. *Id.* at 1287 (citations and internal quotations omitted).

After reviewing the record, we conclude that the IJ did not err in finding that the petitioners failed to meet their burden of demonstrating eligibility for asylum and withholding of removal under the INA. First, the IJ provided specific, cogent reasons for discrediting Emdadul's testimony, and those reasons were supported by substantial evidence. Second, the corroborating evidence offered by the petitioners would not compel a reasonable factfinder to conclude that they had met their burden of proof. Accordingly, we deny the petition for review of the BIA's order affirming the IJ's order denying their application for asylum and withholding of removal.

## B. Motion to Reopen

The petitioners next argue that BIA erred by denying their motion to reopen removal proceedings in order to apply for CAT relief. According to the petitioners, the BIA erroneously required them to prove that they would be

subjected to torture if they returned to Bangladesh. Because they had proven that Emdadul had been tortured by the BNP on previous occasions, the petitioners argue, they were entitled to a rebuttable presumption that Emdadul again would be tortured if he returned to Bangladesh.

"[W]e employ a very deferential abuse of discretion standard in reviewing the BIA's decision on a motion to reopen 'regardless of the underlying basis of the alien's request' for relief." *Al Najjar*, 257 F.3d at 1302 (quoting *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 725, 116 L.Ed.2d 823 (1992)). A petitioner seeking to have his removal proceedings reopened must meet a "heavy burden," and the BIA may deny a motion to reopen on one of three independent grounds: "(1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Id.* at 1301-02.

The burden of proof for an applicant seeking withholding of removal under CAT is higher than that of an applicant seeking asylum. *Id.* at 1303. "In making out a claim under CAT, '[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Id.* (quoting 8 C.F.R. § 208.16(c)(2)) (alterations

8

in original). "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2).

> [F]or an act to constitute 'torture' under CAT, it must be: (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for an illicit or proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions.

*Cadet v. Bulgar*, 377 F.3d 1173, 1181 (11th Cir. 2004).

Given the speculative nature of the petitioners' claims and the almost complete lack of corroborating evidence, we conclude from the record that the BIA did not abuse its discretion in denying the petitioners' motion to reopen their removal proceedings because they failed to meet their burden of establishing a *prima facie* case of eligibility for CAT relief. Accordingly, we affirm the denial of the petitioners' motion to reopen.

**PETITIONS DENIED; AFFIRMED.**