[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2005
THOMAS K. KAHN
CLERK

No. 04-16085
Non-Argument Calendar

_____

Agency Docket No. A95-226-571

JORGE NELSON MARQUEZ-VASQUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(June 14, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Jorge Nelson Marquez-Vasquez, through counsel, petitions for

review of the Immigration Judge's ("IJ's") removal order, which became the final

agency determination when the Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision without an opinion. Because Marquez-Vasquez's removal proceedings commenced after April 1, 1997, the effective date of IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

Marquez-Vasquez argues that he was eligible for asylum and withholding of removal under the INA or relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") because he was persecuted by Colombian guerillas on account of his political opinion and activity. Specifically, Marquez-Vasquez claims that he suffered past persecution and has a well-founded fear of future persecution because of his repeated personal encounters with the National Liberation Army ("ELN") guerrillas, threatening phone calls made by the ELN to his home and former employer, and threatening letters sent to his home, all of which were to dissuade him from his continued involvement in the Colombian Liberal Party and Popular Alternative Movement.

To the extent that the BIA's decision was based on a legal determination, our review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir.

2

2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (internal quotation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (quotation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim).

An alien who arrives in or is present in the United States may apply for asylum. *See* INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

3

8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the burden of proving statutory "refugee" status.  *See Al Najjar*, 257 F.3d at 1284.  To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution.  8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287.  "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of such an opinion [or other statutory factor]." *Al Najjar*, 257 F.3d at 1287 (internal quotations and citation omitted) (emphasis in original).  An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. *INS v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992).

The alien's testimony, if credible,  may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b).  "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  "[T]he weaker the [applicant's]

testimony, the greater the need for corroborative evidence." *In re Y-B*, 21 I. & N. Dec. 1136, 1139 (BIA 1998).

When the IJ enumerates an applicant's inconsistencies and is supported by the record, "we will not substitute our judgment for that of the IJ with respect to its credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004). Additionally, "the IJ's extremely detailed adverse credibility determination alone may be sufficient to support the IJ's denial of [a petitioner's] petition . . ." *Id.* However, an adverse credibility finding must go to the heart of the asylum claim, and not be based on minor discrepancies, inconsistencies, and omissions. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3rd Cir. 2002); *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir. 1999). Further, an adverse credibility determination does not alleviate the IJ's duty to consider all of an applicant's evidence. *Forgue*, 401 F.3d at 1287.

After reviewing the record, we conclude that substantial evidence supports the IJ's decision that Marquez-Vasquez was not entitled to asylum or withholding of removal under the INA. The IJ's adverse credibility finding is supported by substantial evidence. As the IJ noted, numerous inconsistencies regarding Marquez-Vasquez's testimony are present in the record, and the remaining evidence Marquez-Vasquez offered had little corroborative value.

5

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that if returned to his or her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287.

After reviewing the record, we conclude that Marquez-Vasquez's withholding of removal and withholding of removal under CAT claims fail, as he did not establish eligibility for asylum, which carries a lower burden of proof. *Al Najjar*, 257 F.3d at 1293, 1303.

Based upon the foregoing, we deny the petition for review.

**PETITION DENIED.**