[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2005
THOMAS K. KAHN
CLERK

No. 04-16172
Non-Argument Calendar

_____

BIA No. A79-089-298

GREGORY JEAN-CHARLES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(July 5, 2005)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Gregory Jean-Charles, a native and citizen of Haiti, through counsel,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

affirming the Immigration Judge's ("IJ") order denying his claim for asylum, 8

U.S.C. § 1158, and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A). Because Jean-Charles's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA. Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

On appeal, Jean-Charles argues that the IJ erred in denying his application for asylum and withholding of removal because the IJ's adverse credibility determination is not supported by substantial evidence. In response, the government maintains that this Court does not have jurisdiction to review Jean-Charles's challenge to the IJ's adverse credibility determination because he failed to exhaust his administrative remedies, thus precluding appellate review. Additionally, Jean-Charles argues that (1) substantial evidence did not support the IJ's finding that he was not a refugee, and (2) substantial evidence did not support the IJ's finding that it was not more likely than not that he would be persecuted if he returned to Haiti.

We reject the government's argument that we lack jurisdiction in this case. However, we find that substantial evidence clearly supports the IJ's conclusion

2

that Jean-Charles did not suffer persecution in Haiti due to his political activities and thus, was not eligible for asylum or for withholding of removal.

**PETITION DENIED**.