[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10229
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 10, 2005
THOMAS K. KAHN
CLERK

Agency Nos. A95-228-614
and A95-228-615

JUAN MANUEL LOPEZ MOLANO,
YAZMIN PAEZ DURAN, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 10, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Juan Manuel Lopez-Molano, his wife, Jazmine Paez-Duran, and his daughter, Paola Sofia Lopez-Paez, (collectively "the petitioners"), petition for review of the Board of Immigration Appeal's ("BIA") decision affirming without opinion the immigration judge's ("IJ") denial of asylum and withholding of removal. Because the petitioners' asylum proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply. *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

To the extent that the IJ's and BIA's decisions were based on a legal determination, this court's review is *de novo*. *D-Muhumed v. U. S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). Factual determinations are reviewed under the substantial evidence test, and this court "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted). This court "cannot engage in fact-finding on appeal, nor may [it] weigh evidence that was not previously considered below." *Id.* at 1278. Therefore, a finding of fact will be reversed "only when the record compels reversal; the mere fact that the record may support a contrary conclusion is not

2

enough to justify a reversal." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 2245 (2005).

After reviewing the record and reading the parties' briefs, we conclude that the petition for review is due to be denied because substantial evidence supports the IJ's finding that (1) Lopez-Molano's testimony was not credible; (2) the petitioners were not eligible for asylum because they failed to establish past persecution or a well-founded fear of future persecution on account of Lopez-Molano's political activities; and (3) Lopez-Molano was not eligible for withholding of removal because he failed to establish that it was more likely than not that he would be persecuted or tortured upon his return to Columbia. Accordingly, we deny the petition for review.

**PETITION DENIED.**