[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 10, 2007
THOMAS K. KAHN
CLERK

No. 06-16433
Non-Argument Calendar

_____

BIA No. A97-833-137

PAU THAWN MUNG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 10, 2007)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Pau Thawn Mung, a Christian Chin who is a native and citizen of Burma,

petitions this Court for review of the final order of the Board of Immigration Appeals that affirmed the decision of an Immigration Judge to deny his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Mung contends that he is entitled to relief because he has a well-founded fear of future persecution on the basis of his race and religion. Because the record does not compel the conclusion that Mung has a well-founded fear of future persecution, we deny the petition.

## I. BACKGROUND

Mung entered the United States on April 11, 2004, without a valid entry document. The Department of Homeland Security served Mung with a notice to appear, charging him as subject to removal. Mung filed an application for asylum, withholding of removal, and CAT relief based on race, religion, and imputed political opinion. In his application, Mung stated that he was a member of the Chin ethnic group and the Harvester Christian Center, a Pentecostal church where his father is a church deacon. Mung stated that he was a volunteer youth leader at the Harvester Christian Center from 1998 to 2003.

Mung stated in both his application and at his removal hearing that, on December 24, 2002, he was arrested by Burmese soldiers while leading a Christmas "youth celebration" in a public park. Mung testified that he was blindfolded and taken to an army camp where he was interrogated, beaten for 30

2

minutes, and accused of being a member of a student union organization. Mung testified that he was not told why he was arrested. Before he was released, Mung was forced to sign a statement promising not to be involved with political activities. In his application for asylum, Mung stated that after his arrest, he was "under a form of house arrest" and was banned from traveling for three months.

Mung stated in his application and at his removal hearing that he left Burma in June 2003, after reports that his photo was found at the home of his friend, Zaw Min Thang, a student union organizer who was arrested for his involvement with the student union. Mung testified that since his departure from Burma, his family members are required to report to the military government when they travel. He stated that he feared that if he returned to Burma, he would be imprisoned and tortured because he was an ethnic minority and a Christian and that he would be safe nowhere in Burma.

The IJ denied Mung's application for asylum, withholding of removal, and CAT relief because there was insufficient evidence to support a fear of persecution by the Burmese government on account of Mung's race, religion, or imputed political opinion. The IJ concluded that there was insufficient evidence that the government imputed a political opinion to Mung based on his friendship with Thang. The IJ found that there was no evidence that Mung suffered past persecution on account of his religion and concluded that Mung failed to establish

3

a well-founded fear of future persecution in the light of the continued and uneventful service of his father as a church deacon. The IJ reasoned that because the events about which Mung complains all occurred in the same region, Mung failed to establish country-wide persecution.

On appeal, the BIA adopted and affirmed the decision of the IJ. In addition, the BIA found that Mung's description of his detention was credible, but that the single detention without serious injury did not rise to the level of persecution. The BIA determined that the Burmese authorities detained Mung because they thought that the Christian celebration was a political gathering and after they determined it was not political, Mung was released. The BIA found that Mung's testimony about the arrest of Thang was too vague to support a well-founded fear of persecution on account of a protected ground.

## II. STANDARDS OF REVIEW

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations of the BIA under the substantial evidence test. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id.; see INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1

4

(1992); Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004). We review our subject matter jurisdiction de novo. See Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

### III. DISCUSSION

Our review in this appeal is limited to the issue of whether substantial evidence supports the conclusion of the BIA and IJ that Mung did not establish a well-founded fear of future persecution on the basis of his religion or race. In his brief on appeal, Mung does not challenge the determination of the IJ that he is not entitled to withholding of removal or CAT relief, so those arguments are abandoned. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003). Because Mung limits the basis of his argument for asylum to fear of persecution on account of his race and religion, his claim of fear of persecution on account of an imputed political opinion is also abandoned. Id. We lack jurisdiction to consider Mung's argument about past persecution because he failed to present that argument to the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

The determination of the BIA and IJ that Mung failed to establish a well-founded fear of future persecution on account of his race or religion if he returns to Burma is supported by substantial evidence. There is substantial evidence that Mung will not be persecuted based on his religion, because Mung's father

5

continues to serve as a deacon in his church in Burma without problem. Substantial evidence also supports the finding of the BIA that, although the army detained Mung for one night, when it determined that the religious celebration at which he was arrested was not a political gathering, Mung was released. There is also no evidence that Mung was arrested on December 24, 2002, because of his race or that he has any reason to believe that he will be singled out and persecuted on account of his race if he were to return to Burma. Because the record does not compel the conclusion that Mung has a well-founded fear of future persecution on account of his religion or race, we affirm the decisions of the BIA and IJ.

## IV. CONCLUSION

Mung's petition for review is

**DENIED.**