[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11242

_____

Agency No. A026-191-408

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2011
JOHN LEY
CLERK

MANUEL DE JESUS MOREIRA-BARAHONA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 7, 2011)

Before TJOFLAT and BARKETT, Circuit Judges, STEELE,* District Judge.

PER CURIAM:

_____

* Honorable John E. Steele, United States District Judge for the Middle District of
Florida, sitting by designation.

Manuel De Jesus Moreira-Barahona, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal, 8 U.S.C. § 1229b(b)(1). The BIA affirmed the IJ's determination that Moreira-Barahona's 1987 conviction for vehicular manslaughter rendered him statutorily ineligible for cancellation of removal as someone who has been convicted of a crime involving moral turpitude, pursuant to 8 U.S.C. § 1229b(b)(1)(C).[1]

The Immigration and Nationality Act provides that the Attorney General may cancel the removal of a non-permanent resident who

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1). On appeal, Moreira-Barahona argues that § 1229b(b)(1)

---

[1] We have jurisdiction to review Moreira-Barahona's petition as it raises a question of law pertaining to his statutory eligibility for a discretionary form of relief. 8 U.S.C. § 1252(a)(2)(D); see Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

should be read as a whole such that the ten year limitation period contained in subparts (A) and (B) should be read into subpart (C), thereby limiting any disqualifying convictions to the ten year period prior to an application for cancellation of removal. Thus, he argues that if a temporal limitation is read into subpart (C) of the statute, his 1987 conviction for vehicular manslaughter could not be considered a disqualifying conviction when determining his statutory eligibility for cancellation of removal in 2010.

Having reviewed § 1229b(b)(1) and in particular subpart (C), we find that the language of the statute is plain and unambiguous and thus see no merit to Moreira-Barahona's argument. There is no support for Moreira-Barahona's contention that we should read into subsection (C) of the statute a temporal limitation that would preclude consideration of this conviction.[2] Congress included specific temporal language in subsections (A) and (B), and did not include similar language in subsection (C). We therefore presume that Congress intentionally excluded a temporal period from the requirement that a non-

[2] Moreira-Barahona also devotes a significant portion of his brief arguing why he meets the "exceptional and extremely unusual hardship" requirement of subpart (D) and why he is a person of "good moral character" required under subpart (B). The IJ and BIA, however, did not reject his application for cancellation of removal on either of these bases. Rather the IJ and BIA only decided that Moreira-Barahona was statutorily ineligible due to a disqualifying conviction pursuant to subpart (C). Even if he would be able to meet the statutory requirements of subparts (B) and (D), Moreira-Barahona must also satisfy subpart (C). Accordingly, we need not and do not address his other arguments.

permanent resident be free from certain disqualifying offenses to be eligible for cancellation of removal. See I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 432 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress act[ed] intentionally and purposely in the disparate inclusion or exclusion.").

**PETITION DENIED.**