[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2011
JOHN LEY
CLERK

No. 10-10854
Non-Argument Calendar
_____

Agency No. A078-304-783


MARCOS SARMIENTO-HERRERA,
a.k.a. Marcos Sarmiento,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 4, 2011)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Marcos Sarmiento-Herrera petitions for review of the Board of Immigration

Appeals' final order affirming the Immigration Judge's denial of his applications for adjustment of status and waiver of inadmissibility. See INA §§ 245(a) & 212(i)(1), 8 U.S.C. §§ 1255(a) & 1182(i)(1). Sarmiento argues that the BIA erred in denying his application for a waiver of inadmissibility because it applied an incorrect legal standard in concluding that he had not demonstrated that his parents would suffer an extreme hardship if he were denied admission to the United States. Sarmiento also argues that the IJ violated his due process rights by requesting that his counsel proffer his parents' testimonies at his removal hearing. The government contends that we lack jurisdiction over Sarmiento's petition because he abandoned any claim of error with respect to the denial of his application for adjustment of status and Sarmiento's appeal of the denial of his discretionary waiver of inadmissibility is moot as a result.

We review de novo issues of subject-matter jurisdiction. Gonzalez-Oropeza v. United States Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). Under the INA, an alien must exhaust his administrative remedies before seeking judicial review of any issue. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). When an alien fails to exhaust his administrative remedies, we lack jurisdiction to review the unexhausted issue on appeal. Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006); see also Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247,

2

1250 (11th Cir. 2006) (finding that this Court lacked jurisdiction to review an adverse credibility determination because an alien failed to challenge that determination before the BIA).

We lack jurisdiction to review the IJ's denial of Sarmiento's request for an adjustment of status for two reasons. First, Sarmiento abandoned any challenge to the IJ's denial of his request for an adjustment of status because he failed to exhaust his administrative remedies by raising the issue before the BIA and because he waived the issue on appeal to this Court. Second, we lack jurisidction because the plain language of the INA precludes judicial review of the IJ's decision to deny relief. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i) ("No court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title [adjustment of status].").

Because we lack jurisdiction to review the denial of Sarmiento's request for an adjustment of status, his appeal of the BIA's denial of his waiver of inadmissibility is dismissed as moot. Even assuming that the BIA applied the wrong legal standard in denying Sarmiento's application for a waiver of inadmissibility, such a waiver if granted would only lift a statutory bar to his eligibility for an adjustment of status under INA § 245(i)(2(A), 8 U.S.C. § 1255(i)(2)(A). Because the BIA denied Sarmiento's application for an adjustment

3

status in an exercise of its discretion, however, whether he is eligibile for a waiver of the ground for inadmissibility in INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), is moot. See Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (alteration omitted)). Therefore, we are without jurisdiction to review the BIA's decision denying his application for a waiver of inadmissibility because mootness is jurisdictional. Id. at 1336.

"Even [though] we [do] not have jurisdiction, we . . . still have jurisdiction to review substantial constitutional claims." Zafar v. United States Atty. Gen., 461 F.3d 1357, 1367 (11th Cir. 2006) (citation omitted). However, "[t]here is no constitutionally protected right to discretionary relief, which is the relief requested here." Id. (citation omitted). Sarmiento's argument that the IJ violated his due process rights by requiring his attorney to proffer the contents of his parents' testimony at his removal proceedings is without merit.

**PETITION DENIED.**