[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2012
JOHN LEY
CLERK

No. 11-12350
Non-Argument Calendar
_____

Agency No. A088-307-346


DULMINI AINDRIKA WANIGASEKARA,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 12, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Dulmini Aindrika Wanigasekara, a native and citizen of Sri Lanka, appeals the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") dismissal of her application for asylum as untimely and denial of withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). On appeal, Wanigasekara argues that: (1) even though we have held that an IJ's determination that an asylum application is time-barred is a non-reviewable discretionary decision, she is appealing the IJ's legal conclusion that she failed to establish changed circumstances that would excuse her delay in applying for asylum; (2) the BIA erroneously affirmed the IJ's statement that she was not "particularly credible" as an adverse-credibility finding; (3) she clearly and unequivocally demonstrated past persecution and a well-founded fear of future persecution if returned to Sri Lanka; and (4) she is entitled to withholding of removal because, if returned to Sri Lanka, it is more likely than not that she will be persecuted due to her former husband's political activities. After careful review, we dismiss the petition in part, and deny it in part.[1]

---

[1] Moreover, because Wanigasekara failed to raise any arguments on appeal concerning the denial of CAT relief or the BIA's conclusion that the IJ properly conducted the removal hearing, she has abandoned these issues. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned").

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). When the BIA explicitly agrees with the findings of the IJ, we will review the decisions of both the BIA and the IJ as to those issues. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). Because the BIA expressly agreed with the IJ's adverse-credibility determination, we will review the decisions of both the BIA and the IJ on this issue. See Kazemzadeh, 577 F.3d at 1350.

We review our subject-matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We review factual determinations, which include credibility determinations, under the substantial-evidence test. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006). We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). We will view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1255 (quotation omitted). Accordingly, in order for us to conclude that a finding of fact should be reversed, we must determine that the record "compels" reversal. Id. (quotation omitted).

First, we lack jurisdiction to review the dismissal of Wanigasekara's asylum claim. An alien may apply for asylum if she "demonstrates by clear and convincing

3

evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application filed after one year may be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period . . . ." 8 U.S.C. § 1158(a)(2)(D). We lack jurisdiction to review decisions of the Attorney General regarding whether an alien timely filed an asylum application or established extraordinary circumstances to excuse an untimely filing. 8 U.S.C. § 1158(a)(3); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). Nevertheless, we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).

Applying the law to this case, we lack jurisdiction to consider Wanigasekara's argument that the IJ erred by considering the date of her separation, as opposed to the date of her divorce, to determine whether she filed her asylum application within a reasonable time period from her changed circumstances, because this was a factual determination. As a result, to the extent that Wanigasekara is challenging the dismissal of her asylum claim, we dismiss her petition for lack of jurisdiction.

4

Next, we find irrelevant Wanigasekara's argument that the BIA erroneously affirmed the IJ's statement that she was not "particularly credible" as an adverse-credibility finding. To be considered an adverse-credibility determination, the IJ or BIA must make "clean determinations of credibility," and say expressly that the applicant's testimony was not credible. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (quotation omitted). In Yang, we held that an IJ's statements that an applicant's claim was a "ridiculous fabrication" and that the applicant's testimony was "extremely inconsistent and [made] absolutely no sense whatsoever," was not a credibility finding, but rather a comment on the insufficiency of the applicant's evidence. Id. (quotation omitted). "As the trier of fact, the IJ must determine credibility, and this court may not substitute its judgment for that of the IJ with respect to credibility findings." Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006) (quotation and alteration omitted).

Once the IJ makes an adverse-credibility determination, the burden shifts to the alien to demonstrate that the determination was not supported by "specific, cogent reasons," or was not based on substantial evidence. Id. at 1254-55 (quotation omitted). If the IJ made no adverse-credibility finding, we are required to accept the petitioner's testimony as credible. Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257 (11th Cir. 2007).

5

In this case, even though the BIA incorrectly construed the IJ's ambiguous statement that Wanigasekara was not "particularly credible" as an adverse-credibility finding, this is not dispositive of Wanigasekara's claims. As the record shows, the BIA also considered whether she adequately demonstrated past persecution or a well-founded fear of future persecution, which we discuss next.

Under the INA, the Attorney General has discretion to grant asylum to any alien determined to be a "refugee" within the meaning of the Act. 8 U.S.C. § 1158(b)(1)(A). "A refugee is defined as one who is unable or unwilling to return to his or her home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Yang, 418 F.3d at 1202 (quotations omitted) (citing 8 U.S.C. § 1101(a)(42)(A)). The applicant bears the burden of proof of establishing that she is a refugee. 8 U.S.C. § 1158(b)(1)(B)(i).

To establish asylum eligibility based on past persecution, the applicant must prove that she was persecuted and that the persecution was based on a protected ground. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). Persecution is not defined in the INA, but it is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." See Sepulveda, 401 F.3d at 1231 (quotations omitted) (holding that threatening telephone calls to an asylum

applicant and her family member do not constitute persecution).  In considering evidence of past persecution, we will consider a threatening act against another as evidence that the petitioner herself suffered persecution if that act "concomitantly threatens the petitioner." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1009 n.7 (11th Cir. 2008).  Examples that we have upheld include the rape of the wife of the petitioner's friend during the petitioner's kidnapping, and the severe beating of the petitioner's son. Id. (citations omitted).

Proof of past persecution gives rise to a rebuttable presumption of a well-founded fear of persecution on the same basis. Kazemzadeh, 577 F.3d at 1351. However, if the applicant cannot establish past persecution, she may still show a well-founded fear of persecution by establishing "a fear of persecution in [her] country of nationality on account of a protected ground, a reasonable possibility of suffering persecution if the applicant returns to that country, and that [she] is unable or unwilling to return because of [her] fear." Id. at 1352 (quotation omitted).  "An applicant does not have a well-founded fear of persecution if the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances, it would be reasonable to expect the applicant to do so." Id. (alteration in original and quotation omitted).

On this record, substantial evidence supports the BIA's conclusion that Wanigasekara did not establish past persecution or a well-founded fear of future persecution. First, Wanigasekara's descriptions of threatening phone calls and her unproven allegations that her dog was poisoned on account of her former husband's political activities do not rise to the level of persecution within the meaning of the INA. See Sepulveda, 401 F.3d at 1231.[2] Second, there is nothing to suggest that Wanigasekara would be in danger if returned to Sri Lanka because she is now divorced from her husband and she testified that she no longer has any political ties in Sri Lanka. Kazemzadeh, 577 F.3d at 1352.

Finally, we reject Wanigasekara's claim that she is entitled to withholding of removal. To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that, if returned to his country, her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003); see also 8 U.S.C. § 1231(b)(3)(A). This standard is more stringent than the standard for asylum. Sepulveda, 401 F.3d at 1232. Accordingly, an alien

---

[2] Nor, based on the record before us, is there any merit to her argument that her family's alleged decision to sever ties with her on account of her husband's lower caste and political ties or the incident where her husband was allegedly threatened at gunpoint provided legitimate bases for her asylum claim.

who fails to establish eligibility for asylum generally cannot satisfy the higher burden for withholding of removal. Id. at 1232-33.

As we concluded above, Wanigasekara could not prove her entitlement to asylum relief. Therefore, the BIA properly determined that she necessarily could not satisfy the higher burden of proof for establishing her eligibility for withholding of removal. Id. Accordingly, we dismiss the petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**