[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 17, 2008
THOMAS K. KAHN
CLERK

No. 07-15962
Non-Argument Calendar
_____

BIA No. A97-958-163

YONG CHUN WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 17, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Yong Chun Wang, a native and citizen of China, petitions this court to

review a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") decision ordering his removal and denying his application for asylum, withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Wang contends that he has a subjectively and objectively well-founded fear of future persecution in China based on (1) his being present during two police raids of the underground church he attended; (2) his mother having been arrested twice for attending the same church; (3) conditions noted in the Department of State Country Reports on Human Rights Practices in China for 2003 and in the June 2004 Department of State Profile of Asylum Claims and Country Conditions for China; and (4) his continued church attendance in the United States.

Before proceeding to the merits of Wang's petition, we must determine whether we have subject matter jurisdiction to review the petition. Alim v. Gonzales, 446 F.3d 1239, 1252 (11th Cir. 2006). We make this determination de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We may review the final order of removal in this case only if Wang has "'exhausted all administrative remedies available to [him] as of right.'" Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (quoting 8 U.S.C. § 1252(d)(1)). This means that he presented to the BIA the claims that he asks us to review. In other

words, we lack subject matter jurisdiction to review claims that he failed to raise before the BIA. Id., at 1323.

In appealing to the BIA, the only issue Wang presented in his brief was: "Did the Immigration Judge err in finding that the respondent failed to credibly demonstrate that he suffered past persecution." His brief concluded with the request that the IJ's "decision not to grant asylum be reversed." The BIA assumed, contrary to the IJ's finding, that Wang's testimony was credible, but found that Wang had failed to prove entitlement to asylum and therefore dismissed his appeal. We lack subject matter jurisdiction to consider Wang's withholding of removal and CAT claims because he failed to exhaust his administrative remedies with respect to those claims. As indicated above, he presented no argument in support of those claims to the BIA; his sole contention was that IJ erred in denying his application for asylum on the ground that his testimony was not credible. He similarly failed to exhaust his claim that he possesses a well-founded fear of future persecution (irrespective of past persecution), and that a pattern or practice of persecution of similarly-situated persons exists in China.

**PETITION DISMISSED.**