[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15106
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A096-437-648,
A096-437-650

FERRY ATMADJA,
INDRAWATI RAHARJO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 10, 2009)

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ferry Atmadja, lead petitioner, and his wife Indrawati Raharjo (collectively

"Petitioners"), seek review of the Board of Immigration Appeals' ("BIA") order denying their request for voluntary departure at the conclusion of their proceedings, INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1). In their petition, Petitioners argue that the BIA erred in its interpretation of 8 C.F.R. §§ 1240.26(b)(3)(i) and (c)(2) by finding that the regulations require Petitioners to have valid, unexpired passports regardless if the passports are in Petitioners' or the Department of Homeland Security's ("DHS") possession. Petitioners also argue that the Immigration Judge's ("IJ") rationale for imposing a $50,000 voluntary departure bond was arbitrary and unreasonable.

We review our subject matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). Section 1252 of Title 8 limits our jurisdiction over denials of discretionary relief in immigration proceedings. *See* INA § 242(a)(2)(B); 8 U.S.C. § 1252(a)(2)(B). Specifically, "[n]otwithstanding any other provision of law (statutory or nonstatutory) . . ., no court shall have jurisdiction to review– any judgment regarding the granting of relief under" 8 U.S.C. § 1229c. *Id*. at § 242(a)(2)(B)(i); 8 U.S.C. § 1252(a)(2)(B)(i). Notwithstanding this jurisdictional bar, we retain jurisdiction over "constitutional claims or questions of law." INA § 242(a)(2)(D); 8 U.S.C. § 1252(a)(2)(D). We review questions of law *de novo*, and defer to the BIA's "interpretation of its own regulations unless that interpretation is 'plainly erroneous

2

or inconsistent with the regulation.'" *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1326 (11th Cir. 2003) (quoting *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 911 (1997)).

Under § 1229c, the "Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a proceeding" the IJ finds, *inter alia*, that an alien "has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so." INA § 240B(b)(1)(D), 8 U.S.C. § 1229c(b)(1)(D). The corresponding regulation clarifies that "[e]xcept as otherwise provided in [8 C.F.R. § 1240.26(b)(3)], the clear and convincing evidence of the means to depart shall include in all cases presentation by the alien of a passport or other travel documentation sufficient to assure lawful entry into the country to which the alien is departing." 8 C.F.R. § 1240.26(c)(2). Section 1240.26(b)(3)(i) provides in part:

> The alien shall be required to present to the Service, for inspection and photocopying, his or her passport or other travel documentation sufficient to assure lawful entry into the country to which the alien is departing, unless:
>
> > (A) A travel document is not necessary to return to his or her native country or to which country the alien is departing; or
> >
> > (B) The document is already in the possession of the Service.

8 C.F.R. § 1240.26(b)(3)(i).

In this case, we hold that the BIA's interpretation that an alien must possess

a valid, unexpired passport even if the passport is in the possession of the DHS, absent evidence that it is unnecessary in order to return to the country of removal, is consistent with the language of the regulation. Therefore, we defer to the BIA's interpretation. Moreover, we lack jurisdiction to consider Petitioners' bond argument. *See Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 769 (11th Cir. 2006) (reviewing the IJ's decision only to the extent that the BIA expressly adopts the IJ's reasoning). Accordingly, we deny the petition for review.

**PETITION DENIED.**