NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0040n.06

No. 08-4299

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 25, 2010**
LEONARD GREEN, Clerk

MASTAFA KHARBACH,                             )
                                              )
      Petitioner,                         )
                                              )
                                              )  ON PETITION FOR REVIEW OF AN
v.                                            )  ORDER OF THE BOARD OF
                                              )  IMMIGRATION APPEALS
ERIC H. HOLDER, JR., Attorney General,        )
                                              )
      Respondent.                         )

Before:  SUHRHEINRICH, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge.  Mastafa Kharbach, a native and citizen of Morocco, seeks review of a Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge ("IJ")'s denial of his applications for withholding of removal and voluntary departure.  We deny Kharbach's petition for review.

Kharbach entered the United States as a nonimmigrant visitor in 1999, with authorization to remain in the country for a temporary period.  He overstayed his visa, and the Immigration and Naturalization Service, now part of the Department of Homeland Security ("DHS"), charged him with removability.  *See* 8 U.S.C. § 1227(a)(1)(B).  After conceding removability, Kharbach requested withholding of removal and, in the alternative, voluntary departure.  The IJ denied both applications and the BIA affirmed.  This petition for review followed.

Kharbach advances no argument supporting his stance that the BIA erred in determining the merits of his withholding-of-removal claim. He instead vaguely asserts a due-process challenge, calling the BIA's decision arbitrary and capricious for failing to account for how a head injury he suffered in this country affected his ability to prosecute the petition. The BIA enjoys a presumption of having properly reviewed the record. *Pilica v. Ashcroft*, 388 F.3d 941, 949–50 (6th Cir. 2004); *Kaczmarczyk v. INS*, 933 F.2d 588, 595 (7th Cir. 1991) (The BIA is "entitled to a presumption of regularity," and petitioner has the burden to prove that "the BIA gave short shrift to the evidence . . . presented."). Moreover, Kharbach offers no rationale as to how his injury may have influenced his testimony or how the outcome would have differed had the BIA allocated more importance to it. We accordingly reject this challenge.

Kharbach also alleges that the BIA erred in denying his claim for voluntary departure. Although we generally lack jurisdiction to review voluntary departure denials, 8 U.S.C. § 1229c(f), we do review questions of law and constitutional issues presented. 8 U.S.C. § 1252(a)(2)(D). Kharbach submits that the BIA committed *legal* error by not recognizing that seizure by the DHS foreclosed his ability to produce his passport. True enough, the regulations excuse presentation if "[t]he document is already in the possession of the Service." 8 C.F.R. § 1240.26(b)(3)(i)(B). But "an alien must possess a *valid*, *unexpired* passport even if the passport is in the possession of the DHS." *Atmadja v. U.S. Attorney Gen.*, 322 F. App'x 889, 890 (11th Cir. 2009) (emphasis added); *see also Kandamar v. Gonzales*, 464 F.3d 65, 69–70 (1st Cir. 2006). Because, as both the IJ and BIA appreciated, Kharbach's passport expired during his stay and he took no steps to renew it, we reject

this claim, too, and deny the petition.