[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13145
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2010
JOHN LEY
CLERK

Agency No. A094-254-128

JAVIER ORELLANA,
a.k.a. Javier Oriano,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 19, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Javier Orellana seeks review of the Board of Immigration Appeals' ("BIA")

order affirming the Immigration Judge's ("IJ") denial of cancellation of removal

pursuant to 8 U.S.C. § 1229b. Upon review, we conclude that we lack jurisdiction over the IJ's denial of discretionary relief and there is no merit to Orellana's due process claim. Therefore, we dismiss in part and deny in part this petition for review.

Orellana, a native and citizen of Honduras, arrived in the United States in 1995. He obtained temporary protected status in 1998, but lost it in 2006. Thereafter, the Department of Homeland Security charged Orellana with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present without having been admitted or paroled.

Orellana filed an application for cancellation of removal, stating that his removal would result in an exceptional and extremely unusual hardship to his daughter, who was a U.S. citizen. The IJ denied relief, concluding that Orellana had not met his burden to show hardship. The IJ further stated that, even if Orellana met his burden, the IJ would deny relief in his discretion. Orellana appealed to the BIA, asserting that the IJ failed to follow precedent as to hardship. Orellana did not address the IJ's denial of cancellation as a matter of discretion.

The BIA affirmed the IJ's decision that Orellana failed to meet the requirements showing hardship. The BIA also *sua sponte* addressed the discretionary denial of relief and affirmed on that ground as well. The instant petition for review followed.

2

In his petition for review, Orellana argues that the IJ and BIA violated his right to due process by ignoring BIA precedent in finding that: (1) he did not show the requisite level of hardship required for cancellation of removal; and (2) he was not entitled to cancellation of removal as a matter of discretion. The government, in turn, responds that we lack jurisdiction over Orellana's petition because: (1) Orellana failed to exhaust administrative remedies with regard to his challenge of the IJ's denial of cancellation of removal as a matter of discretion; and (2) we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review judgments regarding discretionary relief such as cancellation.

We review jurisdictional questions *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We also review *de novo* constitutional claims and questions of law. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001).

A. Denial of Relief as a Matter of Discretion

A court may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This requirement is jurisdictional and, absent an excuse or exception, bars review of claims not raised before the BIA. *Amaya-Artunduaga*, 463 F.3d at 1250. This jurisdictional bar applies even when the BIA has addressed the issue *sua sponte*. *Id.* at 1250-51.

3

Here, in his appeal to the BIA, Orellana did not challenge the IJ's denial of cancellation of removal as a matter of discretion. Therefore, even though the BIA addressed the issue *sua sponte*, Orellana failed to exhaust the issue and we lack jurisdiction to consider it. Accordingly, we dismiss that part of Orellana's petition.

B. Denial of Relief on the Merits

Under 8 U.S.C. § 1229b, the Attorney General may cancel the removal of an alien who meets certain requirements, including establishing that "removal would result in exceptional and extremely unusual hardship to the alien's [U.S. citizen] spouse, parent, or child." 8 U.S.C. § 1229b(b)(1)(D). We do not have jurisdiction to review any judgment regarding the granting of discretionary relief such as cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332-33 (11th Cir. 2003) ("[T]he exceptional and extremely unusual hardship determination [for the purpose of cancellation of removal] is a discretionary decision not subject to review."). We do, however, retain jurisdiction to consider constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D).

"In order to establish a due process violation, an alien must show that he was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." *Gonzalez-Oropeza*, 321 F.3d at 1333 (citations omitted). There is "no constitutionally-protected right to discretionary relief from

4

removal," such as cancellation. *Mohammed*, 261 F.3d at 1251. This is because "an alien's actual chances of receiving such discretionary relief are too speculative, and too far beyond the capability of judicial review, to conclude that the alien has actually suffered prejudice." *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1148 (11th Cir. 1999).

Because Orellana did not have a constitutionally protected right to cancellation of removal, his due process claims fail. Even assuming, however, that an IJ's failure to follow BIA precedent in denying a petitioner cancellation could amount to a due process violation, Orellana's challenge is still without merit. Contrary to Orellana's assertions, the IJ followed BIA precedent. Accordingly, we deny, on the merits, that part of Orellana's petition.

**PETITION DISMISSED IN PART, DENIED IN PART**