[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12109
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2011
JOHN LEY
CLERK

Agency No. A087-378-498

RICARDO CALDERON GOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 28, 2011

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Ricardo Calderon Gomez seeks review of the Bureau of Immigration Appeals'

("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application

for asylum and withholding of removal under the Immigration and Nationality Act

("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). On appeal, Calderon Gomez argues that the BIA erred in determining that he had failed to establish past persecution.[1] He asserts that the BIA erred by determining that the persecution that he faced was not on account of one of the five enumerated grounds for asylum, specifically his imputed political opinion, as he had established that he had been persecuted because he had actively worked with the U Party by participating in social campaigns and providing food to displaced communities. Furthermore, Calderon Gomez argues that he had established that his fear of future persecution on account of imputed political opinion was reasonable. With respect to the BIA's determination that his testimony was not credible, Calderon Gomez asserts that he had filled out his I-589 application with the assistance of a "non-trained individual," and that the BIA was punishing him for not obtaining the assistance of an attorney to help him with the application.

We review the BIA's decision as the final judgment, unless the BIA has

---

[1] On appeal, Calderon Gomez asserts that, in addition to the threats and extortion from the United Self-Defenses of Colombia ("AUC"), FARC had also threatened him and extorted money from him. The first time that Calderon Gomez claimed that FARC had threatened him was in his BIA appellate brief, but at no point in his asylum application, the asylum interview, or the hearing did he claim to be persecuted in any way by FARC. There is no record evidence supporting this contention, and we cannot consider facts not raised in the administrative forum. See Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). In that case, we review the IJ's decision as well. Id. Here, the BIA did not expressly adopt the IJ's decision, and, therefore, we review only the BIA's decision. See id.

The BIA's factual determinations are reviewed under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). We will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal quotations and citation omitted). Under this test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Accordingly, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Ruiz, 479 F.3d at 765 (internal quotations and citation omitted). When an appellant fails to offer argument on an issue, that issue is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We review our subject matter jurisdiction de novo. See Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). A petitioner must have exhausted all administrative remedies that are available as of right. INA § 242(d)(1);

8 U.S.C. § 1252(d)(1). We treat the exhaustion requirement as jurisdictional, and so we must consider whether we have jurisdiction over an issue even if the issue is not raised by the parties. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (noting that this Court "lack[s] jurisdiction to consider claims that have not been raised before the BIA"). Thus, if an alien fails to challenge an adverse credibility determination in his appeal to the BIA, we lack jurisdiction to consider such a challenge in his petition for review, even if the BIA has considered the issue sua sponte. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1249-51 (11th Cir. 2006).

An alien who arrives in, or is present in, the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The U.S. Attorney General or the Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of

proving statutory "refugee" status. Najjar, 257 F.3d at 1284. To establish asylum eligibility the alien must, with specific credible evidence, establish (1) past persecution on account of a statutorily protected factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such persecution. 8 C.F.R. § 208.13(b); Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).

Past persecution is established when the applicant shows that (1) he was persecuted, and (2) the persecution was on account of a protected ground. Silva, 448 F.3d at 1236. An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat in his country to his life or freedom on the basis of a protected ground. To establish a well-founded fear, an applicant must demonstrate that his fear of future persecution is subjectively genuine and objectively reasonable. Najjar, 257 F.3d at 1289-90. The alien must show a nexus between a statutorily protected ground and the feared persecution, and he can do so by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. Forgue, 401 F.3d at 1286 (quotations and emphasis omitted).

To qualify for withholding of removal under the INA, the applicant must show that if returned to his country, his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group,

5

or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The petitioner must demonstrate that it is more likely than not that he will be persecuted or tortured upon removal to her country. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006). Generally, when an alien fails to meet the "well-founded fear" standard for establishing asylum eligibility, the alien cannot establish the higher burden for withholding of removal. Najjar, 257 F.3d at 1292-93.

An applicant's testimony, if credible, may carry the burden of proof without corroboration. 8 C.F.R. § 208.13(a). A lack of credibility alone may sufficiently support a denial of relief, especially if the applicant failed to proffer corroborating evidence to support the claim. Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304-05 (11th Cir. 2009). However, even if the IJ makes an adverse-credibility determination, the IJ must still consider all evidence introduced by the applicant. Forgue, 401 F.3d at 1287. Generally, "[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Even when an applicant's testimony is credible, the REAL ID Act of 2005 provides that, where the IJ has determined that the applicant should provide corroborative evidence, "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Furthermore, "[n]o court shall reverse a determination made by

6

a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

After careful review, we deny the petition. The BIA denied Calderon Gomez relief on five independent grounds: (1) Calderon Gomez did not testify credibly; (2) he did not provide reasonably available corroborating evidence; (3) the harm alleged did not rise to the level of persecution; (4) he did not have an objectively reasonable and substantively genuine fear of returning to Columbia; and (5) he failed to establish a nexus between the claimed persecution and a protected ground.

Calderon Gomez properly challenges only the fifth ground on appeal. Calderon Gomez has abandoned any challenge to the BIA's determination that he was not persecuted as a member of a specific social group, that he failed to submit reasonably available corroborative evidence, that his repeated return to Colombia after visiting the United States did not support the objective reasonableness or subjective genuineness of his fear of future persecution, or that he was ineligible for withholding under CAT, because he has failed to raise these issues on appeal. See Sepulveda, 401 F.3d at 1228 n.2.

Moreover, Calderon Gomez's assertion regarding the BIA's adverse credibility determination -- that the BIA was punishing him for not obtaining the assistance of

a lawyer in filling out his asylum application -- is not sufficient to preserve a challenge to the BIA's adverse credibility determination. Even though the BIA addressed sua sponte the IJ's credibility determination, Calderon Gomez failed to challenge the IJ's adverse credibility determination in either his notice of appeal or brief before the BIA, and thus we lack jurisdiction regarding this issue. See Amaya-Artunduaga, 463 F.3d at 1250-51.[2]

Because these unchallenged grounds are independently sufficient to preclude granting Calderon Gomez relief, we deny the petition.

**PETITION DENIED.**

---

[2] In any event, even if Calderon Gomez's testimony was determined to be credible, substantial evidence supports the BIA's determination that Calderon Gomez was ineligible for asylum or withholding of removal because he had failed to establish that he had suffered past persecution because of his political beliefs or imputed political beliefs or that he had a well-founded fear of future persecution. Furthermore, the fact that Calderon Gomez returned to Colombia from the United States on two occasions after the alleged events took place does not support -- indeed, it strongly undermines -- a conclusion that he had a well-founded fear of future persecution. Calderon Gomez has also failed to establish any nexus between the alleged persecution and his political beliefs or any imputed political beliefs because he has failed to show that the AUC was aware of his political beliefs or that it sought to overcome a political stance that he held or that the AUC believed he held. See Forgue, 401 F.3d at 1286. Having failed to meet the standard for establishing asylum eligibility, Calderon Gomez cannot establish the higher burden for withholding of removal. See Najjar, 257 F.3d at 1292-93.