[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12838
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2012
JOHN LEY
CLERK

Agency No. A071-544-384

STEPHEN ANTHONY LAWRENCE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 23, 2012)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Stephen Anthony Lawrence, a native and citizen of Jamaica, appeals the

decision of the Board of Immigration Appeals that affirmed his order of removal. 8 U.S.C. § 1227(a)(2)(B)(i). The Board found that Lawrence was statutorily ineligible for a waiver of inadmissibility because he had been convicted of drug related offenses. Id. §§ 1182(c) (repealed Sept. 1996), 1251(a)(2)(B)(i) (transferred to section 1227(a)(2)(B)(i) in Sept. 1996). We dismiss in part and deny in part Lawrence's petition.

In 2006, the Department of Homeland Security charged Lawrence with removability for violating laws related to a controlled substance. The Department alleged that Lawrence, although admitted to the United States legally, was deportable because, on August 8, 1996, he had been convicted in a Florida court of possessing less than 20 grams of marijuana and possessing drug paraphernalia, Fla. Stat. §§ 893.13, 893.147. Lawrence conceded removability, but he applied for a waiver of inadmissibility and argued that section 1251(a)(2)(B)(i) was enacted after his convictions and did not apply retroactively.

Lawrence filed in a Florida court a motion to set aside his August 1996 convictions. In June 2008, the Florida court held a hearing on Lawrence's motion during which Lawrence sought to set aside his convictions because he faced deportation. The prosecutor and Lawrence agreed that Lawrence could set aside his convictions and plead guilty to two counts of trespassing. The district court

granted Lawrence's motion and adjudged him guilty of two counts of trespassing.

In July 2008, the immigration judge ordered Lawrence removed from the United States. The immigration judge found that Lawrence was ineligible for a waiver of inadmissibility because he had committed offenses relating to a controlled substance after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act. 8 U.S.C. §§ 1182(c), 1251(a)(2)(B)(i). Lawrence appealed to the Board, which remanded the case for the immigration judge to determine whether the Florida court had vacated Lawrence's convictions on the merits or to aid him in immigration proceedings.

Lawrence filed a motion to terminate the proceedings, but the immigration judge denied the motion and again ordered Lawrence removed from the United States. The immigration judge found that the Florida court had modified Lawrence's drug related convictions only to aid him in immigration proceedings and that the convictions rendered him ineligible for a waiver of inadmissibility. See Ali v. U.S. Att'y Gen., 443 F.3d 804, 810 (11th Cir. 2006).

Lawrence appealed to the Board, but the Board dismissed Lawrence's appeal. The Board "agree[d]" with the findings of the immigration judge that Lawrence's drug related convictions were modified "to affect [his] immigration proceedings" and that Lawrence "remain[ed] removable as charged" under section

3

1227(a)(2)(B)(i). The Board found that Lawrence was "not eligible for a waiver under the laws . . . in effect" when he was convicted of the drug related offenses and, "as [he] was and is statutorily ineligible for the requested relief, the various federal regulations that have controlled the applications for waivers of inadmissibility do not affect his eligibility."

Lawrence challenges the decision of the Board on three grounds that we lack jurisdiction to consider. First, Lawrence argues that the Board should have considered the procedural arguments he allegedly raised in his motion to set aside his drug related convictions, but Lawrence failed to submit a copy of his motion to the Board. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Second, Lawrence argues that the Board violated his right of due process by refusing to consider his motion, but Lawrence never presented that argument to the Board. See id. Third, Lawrence argues that the Board should have given full faith and credit to the modified convictions, but "[w]here a constitutional claim has no merit . . . we do not have jurisdiction." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003). The Full Faith and Credit Clause of the U.S. Constitution applies to the states, and the Board did not violate the principles of the Clause by examining Lawrence's modified convictions after the Florida court failed to identify a defect in his

4

convictions for drug related offenses. We dismiss in part Lawrence's petition about these arguments.

Lawrence argues that the Board misapplied the law in finding that he was ineligible for a waiver of inadmissibility, but Lawrence's argument fails. Under the law in effect on August 8, 1996, Lawrence was ineligible for a waiver of inadmissibility because of his convictions for drug related offenses. 8 U.S.C. §§ 1182(c) (repealed Sept. 1996), 1251(a)(2)(B)(i) (transferred to section 1227 in Sept. 1996). Lawrence argues that he is eligible for a waiver under INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001), but that decision permits a waiver for aliens convicted before April 24, 1996. Lawrence challenges the refusal of the Board to credit his modified convictions for trespass, but the Board did not misapply the law when it found that Lawrence remained convicted of two drug related offenses. A conviction that is later vacated nonetheless remains a "conviction" under the immigration laws "'if a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings,'" such as to obtain relief based on "'rehabilitation or immigration hardships.'" Ali, 443 F.3d at 810 (quoting In re Pickering, 23 I. & N. Dec. 621, 624 (BIA 2003). We deny that part of Lawrence's petition that challenged his order of removal.

**PETITION DISMISSED IN PART, AND DENIED IN PART.**

5