[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11493
Non-Argument Calendar
_____

Agency No. A097-386-670


DORRETT ANGELLA ROWE,
a.k.a. Dorrett Angella Brown,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 18, 2013)

Before CARNES, Chief Judge, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Dorrett Rowe, a native and citizen of Jamaica, seeks review of the Board of Immigration Appeals' order affirming without opinion the Immigration Judge's denial of her application for a waiver of inadmissibility under 8 U.S.C. § 1182(h). Rowe contends that the BIA deprived her of her due process rights by issuing a form order that incorrectly identified the type of relief she had sought, making it impossible to determine whether the BIA properly followed its own regulations.

As an initial matter, we are obligated to review our subject matter jurisdiction over Rowe's petition for review. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We generally lack jurisdiction to review any claim by "an alien who is removable by reason of having committed a criminal offense" covered in 8 U.S.C. § 1182(a)(2), which was the conceded basis for Rowe's removability. 8 U.S.C. § 1252(a)(2)(C). We also lack jurisdiction to review any claim by an alien regarding the granting of relief under 8 U.S.C. § 1182(h), which is the statutory basis for the waiver of inadmissibility that Rowe sought. See 8 U.S.C. § 1252(a)(2)(B)(i). Rowe's contention that the BIA's summary affirmance violated her due process rights, however, is a constitutional claim, which we retain jurisdiction to consider. See 8 U.S.C. § 1252(a)(2)(D).

We review de novo constitutional challenges. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003). When the BIA issues a summary affirmance of an IJ's opinion under 8 C.F.R. § 1003.1(e)(4), we review the IJ's

2

opinion as the final agency decision.  See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003); see also Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

To ensure due process, the BIA is required to follow its own regulations when exercising its discretion and issuing a decision.  See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267-68, 74 S.Ct. 499, 503-04 (1954).  We have rejected a due process challenge to the BIA's one-judge affirmance-without-opinion procedure.  See  Lonyem, 352 F.3d at 1342 (recognizing that the Supreme Court's directive that absent constitutional constraints, "administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.") (quotation marks omitted).

Regulations provide that a single BIA member may affirm an IJ's decision without opinion if:

> . . . the Board member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
>
> (A) [t]he issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or
>
> (B) [t]he factual and legal issues raised on appeal are not so substantial that the case warrants issuance of a written opinion in the case.

8 C.F.R. § 1003.1(e)(4)(i). We have recognized that "under the INS regulations, no entitlement to a full opinion by the BIA exists," and the issuance of a one-sentence order is not "evidence that the BIA member did not review the facts of [the petitioner's] case." Mendoza, 327 F.3d at 1289.

Rowe's due process rights were not violated just because the BIA issued a form order affirming the IJ's decision without opinion. See id. at 1288–89. In the caption of the case the BIA did misidentify the form of relief that had been applied for as "asylum," but nothing in the record indicates that the BIA entirely failed to review Rowe's appeal or deviated from the regulatory requirements in determining whether the appeal met the criteria for the summary affirmance procedure. See id. at 1289. The BIA's order explicitly stated that the IJ's decision was the final agency decision, and the IJ's detailed 20-page opinion showed that he carefully considered Rowe's application for a § 212(h) waiver. Nothing in the record persuades us that the BIA actually believed it was considering the denial of an asylum application instead of a § 212(h) waiver of inadmissibility.

Additionally, Rowe makes no argument that her case did not fit the regulatory requirements for the affirmance-without-opinion procedure. The IJ's decision recounted Rowe's and her husband's testimony in detail and considered letters that Rowe had submitted to the court. In accordance with precedent, the IJ balanced the adverse factors evidencing Rowe's undesirability as a permanent

4

resident with the social and humane considerations presented on her behalf in order to determine whether a grant of relief in the exercise of discretion would be in the best interest of the United States. See In re Mendez-Moralez, 21 I. & N. Dec. 296, 299–300 (BIA 1996).

After discussing in detail the evidence presented, the IJ concluded that the adverse factors outweighed the positive ones. His decision states that he denied Rowe's application because she failed to show extreme hardship to her qualifying relatives and she did not warrant relief as a matter of discretion. Those conclusions involved the application of statutes and existing BIA precedent and did not involve any novel factual situation, making summary affirmance appropriate under BIA regulations. See 8 C.F.R. § 1003.1(e)(4)(i)(A). Furthermore, in Rowe's appeal to the BIA, she merely challenged the IJ's factual determination that she had not shown extreme hardship, as well as the IJ's discretionary denial. For those reasons, the factual and legal issues raised on appeal were not so substantial that the case warranted issuance of a written opinion. See id. § 1003.1(e)(4)(i)(B).

**PETITION DENIED.**